# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Petitioner,

       v.

DAVID G. MORTON,

       Respondent.

_____/

Case No. 1:16-mc-84

Hon. Robert Holmes Bell
U.S. District Court Judge

Hon. Ellen S. Carmody
U.S. Magistrate Judge

## REPORT AND RECOMMENDATION

This is a proceeding brought pursuant to 26 U.S.C. § 7604 to enforce an administrative summons issued by the Internal Revenue Service (IRS) on August 19, 2015.  The summons relates to collection of respondent's federal income tax liability for the calendar years ending December 31, 2001, December 31, 2003, December 31, 2004, December 31, 2005 and December 31, 2006.  The summons directed respondent, David G. Morton, to appear before Revenue Officer Michael Bryant on September 4, 2015 at 1270 Pontiac Road, Pontiac, Michigan, and to testify and produce books, records and other documents demanded in the summons.  Respondent did not appear in response to the summons.

On August 31, 2016, petitioner filed suit to have the summons enforced.  (ECF No. 1)  A Notice of Assignment to Magistrate Judge Ellen S. Carmody was entered on September 28, 2016.  (ECF No. 5)  On October 7, 2016, an Order to Show Cause (ECF No. 7) was issued, directing respondent to appear on November 9, 2016, to show cause why the respondent should not be compelled to obey the IRS summons, issued and served upon respondent on August 19,

2

2015.  The Order to Show Cause was personally served upon the respondent on October 19, 2016.  (ECF No. 8)  Respondent filed a Response (Objection to Order to Show Cause) and Brief (in Support of Objection) on October 26, 2016.  (ECF No. 9, 10)  On November 4, 2016, Respondent filed a Counterclaim (against Michael Bryant of the IRS).  (ECF No. 11)  According to that Counterclaim:

> David Glenn: Morton, Counter Claimant, ("Morton") cannot physically be present at the scheduled Show Cause hearing on November 9, 2016. He is out of state and is not due to return until sometime in February, 2017.

(*Id*. at PageID.59)

On November 9, 2016, the respondent, in fact, failed to appear at the 2:00 p.m. Show Cause Hearing.  The Court was advised that Respondent Morton did not attempt to contact the petitioner United States, or Revenue Officer Bryant, and it was presumed that respondent was continuing to refuse to provide the in-person testimony necessary to complete the collection statement for the period from January 1, 2015 to present.  The record establishes a *prima facie* case in favor of enforcement: (1) the summons was issued for a legitimate purpose in determining the collection of respondent's tax liability for the years 2001, 2003, 2004, 2005 and 2006; (2) the summoned information is relevant to that purpose; (3) the summoned information was not already in the government's possession; (4) the administrative steps required by the Internal Revenue Code have been followed; and (5) there is no Department of Justice criminal referral in effect.  *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *see also United States v. Stuart*, 489 U.S. 353, 359 (1989); *United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982).  After the United States presents a *prima facie* case, it is entitled to an enforcement order, unless the

3

taxpayer can show that the IRS is attempting to abuse the court's process.  *Stuart*, 489 U.S. at

360.  The taxpayer carries the burden of proving an abuse of process.  *Powell*, 379 U.S. at 58.

Here, respondent has filed an Objection (ECF No. 9), supporting Brief (ECF No. 10) and

a Counterclaim (against Michael Bryant of the IRS) (ECF No. 11), none of which carry the burden

of proving abuse of process.  Courts confronting frivolous arguments against the constitutionality,

validity, applicability, and mandatory character of the income tax often aptly quote *Crain v.*

*Commissioner*, 737 F.2d 1417, 1417 (5th Cir.1984), which stated, "We perceive no need to refute

these arguments with somber reasoning and copious citation of precedent; to do so might suggest

that these arguments have some colorable merit."  Respondent Morton's beliefs about the tax laws,

as proffered, are far removed from the mainstream of jurisprudence. Due process does not require

that this Court adopt and accept positions which have been repeatedly rejected by other courts and

which, to a great extent, are unintelligible.

Respondent Morton's counterclaim is seeking monetary relief, on the theory that Michael

Bryant of the IRS violated his right to due process by failing to provide certain information that

respondent claims is necessary for tax collection. This Court lacks subject matter jurisdiction over

that claim due to sovereign immunity.  It is clear that the United States is immune from suit absent

its explicit consent and that the burden is on respondent to prove an explicit and unequivocal

waiver of sovereign immunity. *See Carelli v. Internal Revenue Service*, 668 F.2d 902, 904 (6th

Cir.1982); see also *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993).  Respondent

Morton's allegations are frivolous legal arguments and conclusions regarding the validity of the

IRS and the tax code and the authority of IRS agents.  To the extent that respondent is pursuing a

tort claim, the Court observes that the United States has waived its sovereign immunity with

4

respect to some causes of action in the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680. However, "any claim arising in respect of the assessment or collection of any tax" is excluded. 28 U.S.C. § 2680(c). Thus, there is no question that the United States has reserved its immunity with respect to claims arising out of tax collection and assessment, and those portions of respondent's counterclaim that can be construed as such claims against Revenue Officer Michael Bryant and the United States are barred by the doctrine of sovereign immunity.  See *Ecclesiastical Order of the Ism of Am, Inc., v. Chasin*, 845 F.2d 113, 115 (6th Cir.1988) (per curiam).  Finally, to the extent that Respondent Morton is attempting to assert a cause of action against Michael Bryant of the IRS in his individual capacity, it is well settled that such a suit is improper. "[I]n light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are also not subject to Bivens actions."  *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir.1997).  Therefore, Respondent Morton's counterclaim is dismissed, because this Court lacks subject matter jurisdiction.

Respondent has failed to appear and has not met his burden of demonstrating why the summons, including in-person testimony necessary to complete the collection statement, should not be enforced.  Accordingly, I recommend that the Court issue an order compelling respondent to comply with the IRS summons.

## **Recommended Disposition**

For the reasons set forth in detail above, I recommend that the Petition to Enforce IRS Summons (ECF No. 1) be granted, and that the Court order that respondent comply completely with that summons, including: 1) ensuring that Revenue Officer Michael Bryant of the IRS be in possession of the ordered information and documentation in Respondent Morton's possession

5

and/or control by the close of business January 17, 2017 or a date agreed to between the parties;

2) contacting Revenue Officer Michael Bryant by telephone at (248) 874-2235 on January 18,

2017 or a date and time agreed to between the parties and participating in a conference call with

Revenue Officer Michael Bryant at that time; and 3)  as determined by Revenue Officer Michael

Bryant, further in-person testimony necessary to comply with the summons and complete the

collection statement for the period from January 1, 2015 to present.


DATE:  NOVEMBER 28, 2016                          /S/ ELLEN S. CARMODY
                                                  ELLEN S. CARMODY
                                                  U.S. MAGISTRATE JUDGE



**NOTICE TO PARTIES**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court

within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure

to file objections within such time waives the right to appeal the District Court's order.  *See*

*Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).