UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Petitioner,                          Case No. 1:16-MC-84

v.

                                             HON. ROBERT HOLMES BELL

DAVID G. MORTON,

       Respondent.
_____/

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

This is an action by the United States of America pursuant to 26 U.S.C. §§ 7402(b), 7604(a), to enforce a summons issued by the Internal Revenue Service (IRS) on Respondent David Morton. The Court issued an order to show cause why the petition should not be granted, and directed Respondent to attend a show-cause hearing. Respondent filed a response to the order and a counterclaim against Petitioner. The Court held a show-cause hearing on November 9, 2016, before Magistrate Judge Ellen S. Carmody. Respondent did not appear for the hearing. On November 28, 2016, Magistrate Judge Carmody issued a Report and Recommendation ("R&R") recommending that the Court grant the petition to enforce the summons and dismiss the counterclaim for lack of jurisdiction. (ECF No. 13.) Respondent filed objections to the R&R (ECF No. 14) that were not signed. On December 13, 2016, the Court issued an order conditionally striking the objections unless Respondent submitted a signature page within 21 days. The following day, the Court received a letter

from Respondent indicating that he forgot to sign the objections and asking the Court to accept documents attached to his letter in place of the original objections. However, the documents attached to the letter were also unsigned. The Clerk's Office responded with a letter directing Respondent to return the signature page that was attached to the Court's order dated December 13, 2016. (ECF No. 16-1.) More than 21 days have passed and Respondent has not submitted the requisite signature page. Accordingly, his objections will be stricken.

Even if they were not stricken, the objections would be rejected because they are meritless. Respondent asserts, without legal or factual support, that he "is not, and never was, engaged in any activity which would bring him within the purview of the implementing regulations giving 26 U.S.C. § 7604 the force and effect of law as applied against Respondent." (Objs., ECF No. 14.) Respondent erroneously asserts that 27 C.F.R. § 70 is the implementing regulation for 26 U.S.C. § 7604. It is not. Indeed, no "implementing regulation" is required to give § 7604 the "force and effect of law." Moreover, the relevant regulation for purposes of this action is 26 C.F.R. § 301.7602-1, which gives the IRS authority to issue summons pursuant to § 7602.

Respondent also claims that the IRS is not part of the federal government. This patently frivolous argument requires no response. Respondent further claims that the revenue officer issuing the summons has refused to document or prove his authority to "accost" Respondent or to prove his relationship to the IRS. The officer's affidavit attached to the petition suffices as proof of his authority. Accordingly, having received no valid objections to the R&R, the R&R will be adopted and approved as the opinion of this Court.

2

Also before the Court are: a supplement to Respondent's counterclaim (ECF No. 17) and Respondent's motion for injunctive relief (ECF No. 18). In the supplement to his counterclaim, Respondent asserts that the revenue officer is harassing Respondent by serving subpoenas on Respondent's adult children. He also claims that the officer has issued a levy on an unidentified organization against funds that are due to Respondent for services rendered, and that Respondent has effectively been terminated from his job. For the reasons stated in the R&R, the Court has no jurisdiction over such claims. Moreover, Respondent does not have standing to object to subpoenas issued on third parties; he does not claim a right or privilege with respect to the information sought from them. *See Mann v. Univ. of Cincinatti*, Nos. 95-3195, 95-3292, 1997 WL 280188 (6th Cir. May 27, 1997) ("[O]rdinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought[.]") (quoting 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (1995)). Thus, the supplemental counterclaims will also be dismissed.

Respondent's motion for injunctive relief is premised on the viability of his counterclaims and his assertion that the revenue officer is in "default" to an "obligation under 15 U.S.C. [§] 1692." (Mot. for Injunctive Relief, ECF No. 18, PageID.91.) The revenue officer does not have any obligations under 15 U.S.C. § 1692, because that statute excludes from its scope "any officer or employee of the United States . . . to the extent that collecting or attempting to collect any debt is in the performance of his official duties[.]" 16 U.S.C.

§ 1692a(6)(A). Moreover, for the reasons stated herein and in the R&R, the counterclaims are meritless. Thus, injunctive relief is not warranted and the motion for injunctive relief will be denied. Accordingly,

**IT IS HEREBY ORDERED** that Respondent's unsigned objections (ECF No. 14) are **STRICKEN**.

**IT IS FURTHER ORDERED**  that the Report and Recommendation (ECF No. 13) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Respondent's counterclaims (ECF No. 11) and supplemental counterclaim (ECF No. 17) are **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Respondent's motion for injunctive relief (ECF No. 18) is **DENIED**.

A separate order will issue granting the petition.

Dated: January 9, 2017                                    /s/ Robert Holmes Bell
                                                          ROBERT HOLMES BELL
                                                          UNITED STATES DISTRICT JUDGE